IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES ANDRE COVERSON,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | CASE NO.: 5:15-CV-433-MTT-CHW |
| **Lieutenant DANIELS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____: | |

## ORDER

Plaintiff James Andre Coverson, a prisoner who is incarcerated at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. His motion to proceed *in forma pauperis* (ECF No. 2) is therefore denied, and this action is dismissed without prejudice.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim.  *See, e.g.,* Order Dismissing Compl., *Coverson v. Whitlock*, ECF No. 14 in Case No. 3:12-cv-00091-TCB (N.D. Ga. Aug. 27, 2012) (dismissing for failure to state a claim); Order, *Coverson v. Yeager*, ECF No. 7 in Case No. 3:11-cv-00015-TWT (N.D. Ga. Mar. 8, 2011) (construing petition for writ of mandamus as a § 1983 complaint and dismissing as frivolous); Order Dismissing Compl., *Coverson v. Yeager*, ECF No. 3 in Case No. 3:06-cv-00086-JTC (N.D. Ga. Oct. 17, 2006) (dismissing for failure to state a claim).  Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x

278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff alleges he was assaulted by Defendant Daniels, a prison official at GDCP. Plaintiff asserts he informed Defendant Daniels that he was having suicidal thoughts, and Defendant Daniels responded by "yelling and screaming and threatening to shoot [Plaintiff] with the pepper spray gun."  (Compl. 4, ECF No. 1.) Plaintiff alleges Defendant Daniels also stripped him to his undergarments, "grabbed" him by the neck, and "started choking [him]."  *Id.* at 5.  Plaintiff states he spat "in Lt. Daniels' direction in order to make him stop choking [him]," and this apparently prompted Defendant Daniels to punch Plaintiff and threaten further bodily injury.  *Id.*[1] Plaintiff also contends Defendant Hayes, another prison official, "used unnecessary force on [Plaintiff] while he was in handcuffs," and that Defendant Williams, his counselor, failed to appropriately handle Plaintiff's grievances about the incident.  *Id.* at 5-6. Plaintiff seeks compensatory damages for these alleged violations of his constitutional rights. *Id.* at 7.

---

[1]Plaintiff does not suggest that the threats existed outside the context of the struggle between Plaintiff and Defendant Daniels.  (*See* Compl. 5.)

These allegations do not suggest Plaintiff is in imminent danger of suffering any serious physical injury. At most, he has alleged that he suffered a past injury for which he believes he deserves monetary compensation. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

As discussed above, Plaintiff may not proceed *in forma pauperis* in this action, so his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee. Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED as moot.**

**SO ORDERED**, this 21st day of January, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT